UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ALLISON O'REILLY-WALCHER,
an individual,

                                       Hon.

        Plaintiff,                         Case No. 24-cv-

v

DWELLING PLACE OF GRAND RAPIDS
NON-PROFIT HOUSING CORPORATION,
d/b/a DWELLING PLACE
 a domestic non-profit corporation

        Defendant.

---

WILLIAM F. PIPER, PLC
William F. Piper (P38636)
Attorney for Plaintiff
9848 Portage Road
Portage, MI 49002
(269) 321-5008
wpiper@wpiperlaw.com

---

## COMPLAINT

The plaintiff  Allison O'Reilly-Walcher, by and through her attorney William F. Piper, PLC, for her Complaint, states as follows:

### JURISDICTIONAL ALLEGATIONS

1.      The plaintiff Allison O'Reilly-Walcher is a white woman who lives in the County of Kalamazoo, and she has resided therein at all times relevant to this Complaint.

2.      The defendant, Dwelling Place of Grand Rapids Non-Profit Housing Corporation, d/b/a Dwelling Place of Grand Rapids (hereafter Dwelling Place), is a non-profit corporation that did business in the County of  Kent at all times relevant to this complaint.

3.      The defendant was required to abide by the requirements of the Family and Medical Leave

Act (hereafter FMLA), 29 USC § 2601 et. seq., at all time relevant to this complaint, as it employed more than 50 employees in a 75-mile radius of its home office in Kent County.

4.      Ms. O'Reilly-Walcher worked for the defendant for over 1,250 hours in the year before her termination from her employment by the defendant on July 23, 2024.

5.      The lawsuit arises out of Ms. O'Reilly-Walcher's employment by the defendant and the defendant's termination of that employment by it in violation of the FMLA and 42 U.S.C. §1981, 42 U.S.C. §1981a, and the  Elliott-Larsen Civil Rights Act, MCL 37.2701.

## COMMON ALLEGATIONS

6.      The plaintiff restates and realleges as though fully set forth herein paragraphs 1-5 of this Complaint.

7.      The defendant hired the plaintiff to work for it as a property manger in September 2020.

8.      Because of the excellent work she did for the defendant, it promoted her to Senior Property Manager in March of 2023.

9.      Due to staffing changes, employee terminations, interpersonal conflicts beyond the plaintiff's control, and ongoing chaos at the defendant's company including from favoritism toward certain African American employees and an underperforming property manager, Ms. O'Reilly-Walcher became increasingly overwhelmed, distressed, anxious, and depressed.

10.      In May 2024, Ms. O'Reilly-Walcher reported to two different managers, her supervisor and the employee's supervisor, that an African American employee had used racial slurs on two separate occasions.

11.      The plaintiff did not learn about any documented disciplinary action that the defendant took against the employee.  The defendant than treated Ms. O'Reilly-Walcher with hostility after she had reported the racial slurs.

12.    By mid-May 2024 Ms. O'Reilly-Walcher, who was working over 12-hour days, was experiencing burnout, anxiety, and depression.

13.    On May 31, 2024 the plaintiff told the defendant that she had the disability of misophonia, which was being exacerbated by the stress at work.

14.    On May 29, 2024, because of her stress, anxiety, weight loss, insomnia, and depression, Ms. O'Reilly-Walcher requested paid time off to recharge, relax, and rejuvenate.

15.    On June 4, 2024 the defendant gave the plaintiff unjustified performance criticisms and tried to demote her.  The plaintiff refused the demotion.  The defendant then said it would give her a performance improvement plan,

16.    As of June 13, 2024 the defendant had neither approved nor denied the paid time off request.

17.    On June 17, 2024 the defendant gave the plaintiff written unjustified criticisms.

18.    Ms. O'Reilly-Walcher then requested FMLA leave, supported by her physician, due to insomnia, weight loss, and anxiety.

19.    One June 25, 2024 the plaintiff went on a vacation to help her recover from her mental health issues.

20.    The defendant approved the FMLA leave on July 1, 2024, but it also issued a performance improvement plan (PIP) by email to her while she was on the leave, despite HR's recommendation that a PIP was inappropriate.

21.    Ms. O'Reilly-Walcher, with support of her health care provider in writing, requested an extension of her leave under the FMLA to July 22, 2024 (and then later to July 29, 2024).

22.    On July 22, 2024 the defendant's COO Felicia Rodriguez called the plaintiff's medical care

3

provider and asserted to it falsely that the plaintiff was lying about her medical condition, which the medical provider disagreed with.

23.    The defendant then terminated the employment of Ms. O'Reilly-Walcher on July 23, 2024 while she was on a requested leave under the FMLA, alleging that Ms. O'Reilly-Walcher had committed fraud.

24.    The termination of her employment was a pretext, because Ms. O'Reilly-Walcher did not engage in fraud under the FMLA.

25.    In fact, the medical leave was intended to help Ms. O'Reilly-Walcher recover from her mental health issues.

26.    Going on a medical leave, including traveling during it, was not inconsistent with the reason Ms. O'Reilly-Walcher had requested a leave under the FMLA, and it was not fraudulent.

27.    As a result of the wrongful termination set forth above Ms. O'Reilly-Walcher has suffered and will continue to suffer a loss of income and benefits, emotional distress, a loss of enjoyment of life and other consequential damages.

## COUNT I - FMLA INTERFERENCE AND RETALIATION/DISCRIMINATION

28.    The plaintiff restates and realleges as though fully set forth herein paragraphs 1-27 of this Complaint.

29.    The defendant, as explained in detail above, interfered with, restrained and denied Ms. O'Reilly-Walcher's exercise of her rights under FMLA by terminating her employment for fraud even though she had not engaged in fraud, by not allowing her to take a complete leave under the FMLA, and by not returning her to her employment at the conclusion of her leave.

30.    The defendant also discriminated against and retaliated against Ms. O'Reilly-Walcher

because of her exercise and attempted exercise of her rights under the FMLA by terminating her employment by it.

31.     The defendant's violations of the FMLA, as explained extensively above, were committed in bad faith, and without any reasonable grounds for believing that they were lawful.

32.     These claims are actionable under the Family and Medical Leave Act, 29 USC § 2601 *et seq.*

     **WHEREFORE**, the plaintiff  requests a judgment against the defendant in an amount equal to any wages, salary, employment benefits, interest and any other compensation denied or lost to her by reason of the defendant's violations of the FMLA; an additional amount as liquidated damages equal to the sum of any lost wages, salary, employment benefits and any other compensation and interest; any equitable relief that may be appropriate, including front pay; and all attorney's fees, costs, interest, and any other relief this Court deems fair and just.

## COUNT II- RETALIATION

33.     The plaintiff restates and realleges as though fully set forth herein paragraphs 1-32 of this complaint.

34.     The defendant terminated Ms. O'Reilly-Walcher's employment by it at least in part because she had complained about racial slurs, harassment, and discrimination.

35.     As a result of the retaliation set forth above, Ms. O'Reilly-Walcher has suffered and will continue to suffer the damages set forth above.

36.     This claim is actionable under 42 U.S.C. §1981, 42 U.S.C. §1981a, and the Elliott-Larsen Civil Rights Act, MCL 37.2701.

**WHEREFORE**, the plaintiff  requests a judgment against the defendant in an amount equal to any wages, salary, employment benefits, interest and any other compensation denied or lost to her by reason of the defendant's violations of the law past and future; punitive damages, compensation for her non-economic damages past and future, any equitable relief that may be appropriate, costs, attorney's fees, interest and any other relief that this court deems fair and just.

## COUNT III – DISABILITY DISRIMINATION

37.     The plaintiff restates and realleges as though fully set forth herein paragraphs 1-36 of this complaint.

38.     The defendant terminated Ms. O'Reilly-Walcher's employment by it because of her disabilities of anxiety, depression and misophonia.

39.     As a result of this discrimination the plaintiff suffered and will continue to suffer the damages set forth above.

40.     This claim is actionable under the Persons with Disabilities Civil Rights Act, MCL 37.1101 et. seq.

**WHEREFORE**, the plaintiff  requests a judgment against the defendant in an amount equal to any wages, salary, employment benefits, interest and any other compensation denied or lost to her by reason of the defendant's violations of the law past and future; compensation for her non-economic damages past and future, any equitable relief that may be appropriate, costs, attorney's fees, interest, and any other relief that this court deems fair and just.


Dated:  November 12, 2024                              WILLIAM F. PIPER, PLC.
                                                                              Attorney for Plaintiff

                                                                  By:     */s/ William F. Piper*

William F. Piper (P38636)
BUSINESS ADDRESS:
9848 Portage Rd.
Portage, Michigan 49002
Phone: 269.321.5008
Fax: 269.321.5009